UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RYAN OSBORN,

        Plaintiff,

vs.                                  CASE NO.:

ATEX GROUP, LLC, a Foreign Limited
Liability Company,

        Defendant.           /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RYAN OSBORN, by and through the undersigned attorney, sues the Defendant, ATEX GROUP, LLC, a Foreign Limited Liability Company, and alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

1. Plaintiff, RYAN OSBORN, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff, RYAN OSBORN, was an employee who worked at Defendant's property within the last two years in Broward County, Florida.

3. Plaintiff, RYAN OSBORN, worked for Defendant beginning on or about May 4, 2019 until his termination on or about June 25, 2020.

4. Throughout his employment RYAN OSBORN was compensated at an hourly rate of $25.00 per hour.

1

5. Plaintiff, RYAN OSBORN, worked as a Crew Lead for Defendant.

6. At all times material to this cause of action, Plaintiff, RYAN OSBORN was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, ATEX GROUP, LLC, is a Foreign Limited Liability Company that operates and conducts business in Broward County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendant, ATEX GROUP, LLC, lists its principal address as 924 NW 1st Street, Fort Lauderdale, Florida 33311.

9. According to its website, Defendant, ATEX GROUP, LLC, offers communication equipment, structural upgrades, site development and construction, tower erection and maintenance services to its customers. *See* https://atexgrp.com/telecom-services/

10. For the past three years, Defendant, ATEX GROUP, LLC, operated exclusively or almost exclusively in Broward County, Florida.

11. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendants, Defendant, ATEX GROUP, LLC, earned more than $500,000.00 per year in gross sales.

14. Defendant, ATEX GROUP, LLC, employed in excess of twenty (20) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, ATEX GROUP, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as safety vests, excavators, front end dirt loaders, buckets, cellular phones, land line telephones, and other tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, ATEX GROUP, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff, RYAN OSBORN, is individually covered under the FLSA.

## FLSA VIOLATIONS

18. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

19. During his employment with Defendant, Plaintiff was not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. For example, Plaintiff is currently compensated at a regular rate of pay of $25.00 per hour. For purposes of this example, if Plaintiff worked sixty (60) hours in a workweek, then under Defendant's current unlawful pay scheme, Plaintiff would be compensated as follows: Plaintiff would be paid $25.00 per hour for all hours worked through sixty (60) hours per week which equals $1,500.00 ($25.00 x 60). Therefore, under Defendant's current unlawful pay scheme Plaintiff's total check would be $1,500.00.

21. Using the same assumptions provided in paragraph 19, Plaintiff <u>should</u> have received $1,750.00 – a difference of $250.00. The difference is the half-time pay premium for the hours worked between forty (40) hours through sixty (60) hours worked.

22. Plaintiff is entitled to the half-time premium for <u>all</u> hours worked over forty (40) hours.

23. Plaintiff routinely worked in excess of forty (40) hours per week during his employment with Defendant without receiving full overtime compensation.

24. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

25. Defendant's method of paying Plaintiff is in violation of the FLSA, was willful, and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendant.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above as though stated fully herein.

28. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During their employment with Defendant, Plaintiff worked overtime hours but were not paid time and one-half compensation for same.

30. Plaintiff was not paid any overtime compensation.

31.     Defendant has failed to provide accurate overtime compensation for numerous pay periods.

32.     Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

33.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurred reasonable attorneys' fees and costs.

34.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

35.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RYAN OSBORN demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 24th day of August, 2021

/s/James J. Henson
James J. Henson, Esq.
Florida Bar No.: 77476
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
       aperez@forthepeople.com
Counsel for Plaintiff